IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE PORTE-YANES,<br>　　　Petitioner, | :<br>: CIVIL NO. 4:07-CV-17<br>: |
| v. | : (Judge Jones)<br>: |
| BOARD OF IMMIGRATION<br>APPEALS, et al.,<br>　　　Respondents. | :<br>:<br>: |

**MEMORANDUM**

**February 20, 2007**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Jorge Porte-Yanes[1] ("Petitioner" or "Porte-Yanes"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"), filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Named as Respondents are the Board of Immigration Appeals ("BIA") and BIA Panel Member Roger Pauley. The required filing fee has been paid.

Petitioner was convicted following a jury trial before the Honorable William W. Caldwell of this district court. See United States v. Porte, 1:CR-89-205. He is presently serving a sentence stemming from that conviction. However, Porte-Yanes' present Petition does not challenge either the fact or duration of his federal criminal

---

[1] In previous matters before this Court, Petitioner listed his name as being Jorge Porte.

conviction and sentence. Rather, Petitioner is challenging the legality of an immigration detainer issued by the Bureau of Immigration and Customs Enforcement ("ICE"), which he contends is impairing his eligibility for halfway house placement.[2]

Porte-Yanes describes himself as being a native of Cuba who entered the United States during the Mariel Cuban boatlift.[3] Petitioner adds that he is a permanent resident of the United States who "will face persecution if removed." (Rec. Doc. 1 at 2(a)). His Petition indicates that an Immigration Judge ("IJ") has ordered his removal from the United States and that an administrative appeal to the BIA was denied.

Petitioner contends that he is entitled to withholding of removal. He asserts that the BIA failed to conduct an independent and complete review of his case. Porte-Yanes asserts that the BIA's decision violated due process because it was rendered by Roger Pauley, a single board member. Petitioner also raises a number of additional arguments challenging the legality of the administrative removal decision, including ineffective assistance of counsel and the failure of the IJ and BIA to: consider the political and/or social group to which he belongs; take into account the political

---

[2] Porte-Yanes notes that the immigration detainer precludes him from eligibility for placement in a Community Corrections Center ("CCC").

[3] Approximately 125,000 Cubans departed from the Mariel, Cuba harbor in 1980 and entered the United States. Due to their unprecedented number, the Immigration and Naturalization Service paroled them into this country.

climate in Cuba; disclose up-to-date information regarding Cuba's repatriation policy; award him relief under the Convention Against Torture; and grant him asylum. As relief, Porte-Yanes asks that this Court rescind the pending detainer, adjust his status to that of an United States resident, and order his placement in a CCC.

**DISCUSSION:**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). District courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, the relevant portion of § 2244(b) now provides:

> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously

        unavailable, or

  (B)  (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)  (A)  Before a second or successive application permitted by this section is filed in the district court. The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . .

28 U.S.C. § 2244(b).

On March 24, 2005, Porte-Yanes submitted a similar § 2241 petition to this Court. See Porte v. Miller, et al., Civil No. 4:CV-05-589. By Memorandum and Order dated October 20, 2005, Petitioner's initially filed action was dismissed without prejudice as premature. The Memorandum concluded that because Porte-Yanes was not in ICE custody, he could not challenge the immigration detainer because the actual custody requirement of § 2241 was not satisfied. It was also noted "there was no basis for federal habeas corpus relief with respect to Petitioner's claim that the presence of the ICE detainer has impeded his eligibility for institutional and pre-release programming." (Id., Rec. Doc. 10 at 3).

Based on this Court's review of the pending Petition, the claims asserted and

5

relief requested therein are similar to the assertions raised in Porte-Yanes' prior petition. Petitioner has failed to show that his instant claims fall within the statutory exceptions outlined above. Moreover, there is no indication that Porte-Yanes applied for and was granted leave to file a second or successive Petition by the Court of Appeals for the Third Circuit.

Further, if Petitioner wishes to challenge the legality of his BIA proceedings, he must initiate an action in the appropriate Court of Appeals. See Section 106 of the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005) (the sole and exclusive means to review an order of removal shall be by petition for review in the applicable Court of Appeals). Under the requirements set forth in § 2244(b)(2), Porte-Yanes' present successive Petition cannot be entertained by this Court. Likewise, his challenge to the determinations rendered by the IJ and BIA must be raised before a Court of Appeals having proper jurisdiction.

An appropriate Order shall issue.